F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 3 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01600-BNB

JAMES ROGER DUNCAN,

      Plaintiff,

v.

KEITH NORDELL,
TERESA REYNOLD, and
JENNIFER ANDERSON,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James Roger Duncan, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Duncan initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He asks for  injunctive relief and money damages.

Mr. Duncan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.  The Court must construe the complaint liberally because Mr. Cordova is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Duncan will be ordered to file an amended complaint.

Mr. Duncan asserts five claims stemming from the prison law library staff's refusal to provide him with volumes of the Code of Federal Regulations concerning the Uniform Commercial Code.  However, Mr. Duncan fails to set forth a short and plain statement of his five asserted claims showing he is entitled to relief.  The complaint is confusing, repetitive, and verbose.  He also fails to make the jurisdictional basis for his claims clear, apparently also asserting claims pursuant to the Freedom of Information Act and pursuant to 42 U.S.C. § 1985.  As a result, Mr. Duncan's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

2

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Duncan to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Duncan must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Duncan must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Duncan will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Duncan must present his claims in a manageable

format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Duncan also must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Duncan must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Duncan may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his constitutional rights. However, if Mr. Duncan uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

4

Case 1:11-cv-01600-LTB   Document 6   Filed 07/13/11   USDC Colorado   Page 5 of 7

Mr. Duncan, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely and legibly, asserts which claims are asserted pursuant to which statute, alleges what constitutional rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, James Roger Duncan, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Duncan, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Duncan fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 13, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01600-BNB

James Roger Duncan
Prisoner No.  41762
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on July 13, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk