IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01600-BNB

JAMES ROGER DUNCAN,

    Plaintiff,

v.

KEITH NORDELL,
TERESA REYNOLD, and
JENNIFER ANDERSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2011

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff, James Roger Duncan, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Duncan initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On July 13, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Duncan to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant.

On August 10, 2011, Mr. Duncan filed an amended complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and the Freedom of Information Act. Mr. Duncan asks for injunctive relief and money damages.

The Court must construe Mr. Duncan's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Duncan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendant has violated his rights under the Constitution and laws of the United States while he acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint and action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

Mr. Duncan alleges that one of the reasons he is incarcerated is because he was convicted on kidnaping charges, and it is his understanding that information on kidnaping is contained in Title 27 of the Code of Federal Regulations (C.F.R.). Mr. Duncan asserts that Defendants are interfering with his access to the courts because they refuse to provide him with C.F.R. Title 27, which he contends applies to commercial crimes, but they will allow him access to the Uniform Commercial Code (UCC), Colo. Rev. Stat. §§ 18-5-201 to 18-5-511, which he contends also applies to commercial crimes. He sees no reason why he should be given UCC access but not C.F.R. access. Mr. Duncan contends that the information he requested "would free myself from prisons." *See* ECF No. 8 (amended complaint) at 5. Mr. Duncan

2

characterizes his claims as violations of the Freedom of Information Act, freedom of the press, the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and the rights to due process and equal protection under the Fourteenth Amendment.

Despite how he characterizes his claims, Mr. Duncan is asserting a claim of denial of access to the courts. To assert a claim for denial of access to the courts, Mr. Duncan must plead and prove that he was actually impeded in his ability to conduct a particular case. *See Lewis v. Casey*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Lewis*, 518 U.S. at 349-53.

In *Lewis*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither example set forth in *Lewis* is at issue in this action. Mr. Duncan fails to state with specificity what, if any, claims or lawsuit he is trying to pursue. Nor does he satisfy the standing requirement of "actual injury" by showing that the denial of access

3

to a specific volume of the C.F.R. hindered his efforts to pursue a non-frivolous claim. Accordingly, Mr. Duncan has failed to state an actual injury in this action. *See Lewis*, 518 U.S. at 349-53. Therefore, because Mr. Duncan fails to allege facts that might support an arguable claim, the amended complaint will be dismissed as legally frivolous.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  19th  day of    September    , 2011.

BY THE COURT:


        s/Lewis T. Babcock
        LEWIS T. BABCOCK, Senior Judge
        United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01600-BNB

James Roger Duncan
Prisoner No. 41762
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 19, 2011.

                          GREGORY C. LANGHAM, CLERK

                By: _____
                                Deputy Clerk